**SO ORDERED.**

**SIGNED this 10 day of February, 2015.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

MICHAEL SINGLETARY                         CASE NO. 14-02312-5-SWH
                                           CHAPTER 11
    DEBTOR

ORDER CONFIRMING PLAN

The chapter 11 Plan filed by the Debtor on July 22, 2014 (hereinafter the "Plan") having been transmitted to creditors, and a Hearing on Confirmation of the Plan having been concluded in the United States Bankruptcy Court in Raleigh, North Carolina on November 4, 2014, and

The Court being advised by way of a ballot report as to the acceptance of a class of impaired claims of the Plan, and having considered the evidence presented at the hearing, the record of the case, and arguments of counsel for the Debtor and the Bankruptcy Administrator;

NOW, THEREFORE, the Court makes the following findings of fact and conclusions of law:

1. The Plan, as amended in the attached Exhibit A, the Disclosure Statement, and the proponent comply with all requirements of 11 U.S.C. §1129 and all other requirements of confirmation of the Plan pursuant to the Bankruptcy Code.

IT IS ORDERED THAT:

1. The Plan, as expressed in the attached Exhibit A, is CONFIRMED.

2. To the extent any language in the Plan is inconsistent with the provisions of this Order, the provisions of this Order shall govern.

3. Except as provided in this Order, the Plan, or in § 1141(d) of the Bankruptcy Code, the Debtors are hereby released from all dischargeable debts, provided, however that Confirmation is expressly conditioned upon the Debtor providing for the payment of all allowed claims assertable against the Debtor's Estate as specified in the Plan and in this Order.

4. All objections to claims, including requests for costs and expenses under section 506(b), fee applications, and adversary proceedings will be filed with the Court within sixty (60) days of the Effective Date. The Effective Date shall be the first day of the month following the entry of this order.

5. The Debtor shall file Post-Confirmation Reports with the Clerk of Court pursuant to Section 1106(a)(7) with a copy served upon the Bankruptcy Administrator. The first report shall be due on the earliest of December 31, March 31, June 30, or September 30 in the calendar year in which this Plan is confirmed. The Debtor shall file subsequent reports at the end of every quarter (December 31, March 31, June 30, or September 30) until the Plan is substantially consummated. Quarterly Reports shall reflect any progress made in consummating the Plan during the period covered by the report. Post-Confirmation Reports shall be filed in the format prescribed by the Bankruptcy Administrator. Debtor will continue paying the quarterly fee to the United States Bankruptcy Court until the Motion for Final Decree is filed.

6. Within thirty (30) days of substantial consummation of the Plan, as defined by Section 1101(2), the Debtor shall file a final report, in a format prescribed by the Bankruptcy Administrator, reflecting payments made for all costs of administration and each class of creditors, and a motion for the entry of a Final Decree pursuant to Rule No. 3022, F.R.B.P.

7. The Debtor shall pay to the Clerk, United States Bankruptcy Court, the sum of $0.00 for court costs.

8. The Debtor shall serve a copy of this Order on all creditors within five (5) days of the entry of this Order and promptly file a Certificate of Service with the Clerk.

9. The automatic stay shall lift for the limited purpose of enabling certain secured creditors to record Note and Deed of Trust modifications.

End of Document

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

MICHAEL SINGLETARY            CASE NO. 14-02312-5-SWH
                              CHAPTER 11
    DEBTOR

PLAN OF REORGANIZATION AS MODIFIED BY AGREEMENT

*Pursuant to 11 USC §1125(f)(1), the Debtor requests that the Court determine that this plan itself provides adequate information and that a separate disclosure statement is not necessary.*

### Article I
### Summary

Michael Singletary filed this bankruptcy case under chapter 11 on April 23, 2014.

The debtor owns twenty single-family homes, primarily in Fayetteville N.C. He receives rental income from tenants occupying nineteen of these properties. In addition to these properties owned by the debtor and his non-debtor wife in tenancy by entirety, he is also the sole owner of three companies: Woodbridge Investment Group, II; Woodbridge Investment Group, III; and Singletary Properties Management, Inc. The two Woodbridge Investment Group companies (hereafter "The Entity Properties") are single-asset realty entities. Singletary Properties Management, Inc. collects the rent for the debtor's properties and has no assets other than a bank account. The debtor's sole income source is the rental proceeds of these properties. Monthly gross income (including income from the Entity Properties) averages $21,000.

This plan divides the debtor's creditors into twenty-five classes. Priority debts will be unimpaired and secured debt will be paid in full. General unsecured debt, including those secured claims deemed to be unsecured pursuant to 11 USC §506(a)(1), shall share a pro rata distribution of $15,000 (approximately 8% of their allowed claim amounts).

The debtor intends to fund the plan by continuing to rent his properties.

Questions about this plan or the debtor should be directed to debtor's counsel at:

Sasser Law Firm
2000 Regency Parkway
Suite 230
Cary, NC 27518
(919)-319-7400

**The effective date of this plan will be the first day of the month following an order confirming plan.**

**Table Showing Rental Property Revenues and Current Occupancy**

| Property | Value | Secured lender | Claim | Equity | Pre-petition Mortgage Payment And Proposed Plan Payment | Rent Received And Net profit | Occupied, Vacant, or Other Use |
|---|---|---|---|---|---|---|---|
| 19197 Highway 410 South | $250,000 | Bank of America | $271,612 | $0.00 | $1,501 $1,501 | $800 | Son resides. Pays rent |
| 6311 Kincross Avenue | $68,000 | WSELT | $51,589 | $16,411 | $449.49 $369.70 | $800 $430.30 | Occupied |
| 5491 Lazybrook Court | $35,000 | SECU | $21,126 | $13,874 | $500 $101 | $750 $649 | Occupied |
| 1513 Doncaster Drive | $45,000 | GHELT | $45,671 | $0.00 | $449.47 $327.34 | $750 $422.66 | Occupied |
| 1504 Doncaster Drive | $38,000 | SECU | $23,884 | $14,116 | $480 $115 | $750 $635 | Occupied |
| 1759 Arrow Ridge Way | $50,000 | WSELT | $50,592 | $0.00 | $449.47 $362.52 | $750 $387.48 | Occupied |
| 622 Montclair Road | $65,000 | GHELT | $63,520 | $1,480 | $584.31 $455.19 | $750 $294.81 | Occupied |
| 619 Burgoyne Drive | $62,000 | GHELT | $48,479 | $13,521 | $476.44 $325.93 | $750 $424.07 | Occupied |
| 868 Stoneykirk Drive | $52,000 | GHELT | $53,623 | $0.00 | $485.43 $384.10 | $750 $365.90 | Occupied |
| 838 Stoneykirk | $24,000 (debtor's | GHELT | $47,142 | $429 (debtor's | $503.54 | $750 | Occupied |

| Property | Value | Creditor | Claim | Equity | Mortgage payment | Rent received | Occupied, vacant, or other use |
|---|---|---|---|---|---|---|---|
| Drive | 50% interest) | | | 50% interest) | $320.00 | $412.18 | |
| 428 Harlow Drive | $375,000 | Bank of America | $254,737 | $120,263 (exemption $35,000) | $2,500 Plan: NO MOD | | Residence |
| 920 Stamper Road | $120,000 | GHELT | $120,892 | $0.00 | $1,096.71 $722.92 | $3,000 $2,277.08 | Occupied |
| 607 Platinum Street | $42,000 | GHELT | $45,943 | $0.00 | $404.47 $329.41 | $700 $370.59 | Occupied |
| 4565 Rosehill Road | $40,000 | SECU | $24,383 | $15,617 | $454 $117 | $750 $380 | Occupied |
| 1010 Branson Street | $30,000 | GHELT | $26,196 | $3,804 | $382.29 $187.68 | $700 $512.32 | Vacant |
| 4590 Zinc Court | $42,000 | GHELT | $46,411 | $0.00 | $404.47 $332.53 | $750 $417.47 | Occupied |
| 303 Cadmium Court | $38,000 | SECU | $24,601 | $13,399 | $522 $118.00 | $750 $632 | Occupied |
| 709 Bluestone Lane | $46,000 | GHELT | $45,943 | $57.00 | $404.47 $329.41 | $750 $420.59 | Occupied |
| 173 Bethune Drive | $38,000 | WSELT | $37,166 | $834.00 | $359.53 $266.15 | $700 $433.85 | Occupied |
| 7446 Ryan Street | $40,000 | GHELT | $39,535 | $465.00 | $377.55 $278.32 | $750 $471.68 | Vacant |

The following property is owned by Woodbridge Investment Group III.

| Property | Value | Creditor | Claim | Equity | Mortgage payment | Rent received | Occupied, vacant, or other use |
|---|---|---|---|---|---|---|---|
| 4433-4445 Marracco Court | $150,000 | GHELT and WSELT | $77,079 | $72,921 | $2,000 | $5,000 $3,000 | Occupied |

The following property is owned by Woodbridge Investment Group II.

| 109 Brookwood Avenue | $27,000 | GHELT and WSELT | $28,686 | - $1,686 | $425 | $550 $125 | Vacant |

The following property is owned by the debtor's ex-wife, Debra Singletary. Rental income is paid to the debtor and mortgage payments are paid by the debtor.

| Property | Value | Creditor | Claim | Equity | Mortgage payment | Rent received | Occupied, vacant, or other use |
|---|---|---|---|---|---|---|---|
| 1859 Frankie Avenue | $43,000 | Bank of America | $50,000 | $0.00 | $528 | $650 $122 | Occupied |

**Absolute Priority Rule:**

The absolute priority rule was not invoked in this case.

## Article II
## The Plan

**Administrative Claims:** All attorney fees are due prior to April 23, 2015.

**Priority Debt:** Priority debt will be paid in full prior to April, 2019.

| Creditor | Type of Priority | Amount Owed | Treatment | Monthly payment |
|---|---|---|---|---|
| IRS | Tax | $9,549.87 | Paid in full prior to April 23, 2014 at 3% interest for 54 months. | $190 per month |
| Cumberland County Tax Collector | Tax (2013 and 2014 property tax liability) | $39,742.33 | Paid in full prior to April 23, 2019 at 10.2% interest for 54 months. | $921 per month |
| NCDOR | Tax | $3,192 | Paid in full prior to April 23, 2014 at 3% interest for 54 months. | $64 per month |

**Class 1:** Secured Claim of **Elizabeth Jo Clayton**

Elizabeth Jo Clayton obtained a state court judgment against the debtor in Cumberland County, North Carolina on August 6, 2013, prior to the debtor's transfer of real estate assets into his and his wife's name as tenancy by entirety. The balance of the judgment is $155,043.81. Non-exempt assets of the debtor located in Cumberland County total $330,033.

***This confirmed plan stands as a new contract between Mr. Singletary and Ms. Clayton. In the event of default, Ms. Clayton is entitled to seek enforcement of this confirmed chapter 11 plan in state court.***

| Creditor | Claim amount | Treatment |
| --- | --- | --- |
| Elizabeth Jo Clayton | Total Claim Amount: $155,043.81 | The secured portion shall be paid in full at 5.25% interest for the 170 months following the effective date of the plan.<br><br>$1,292 per month |

**Class 2:** Claim of Bank of America secured by **428 Harlow Drive, Fayetteville NC**

| Creditor | Claim amount | Treatment |
| --- | --- | --- |
| Bank of America | $254,737 | Loan is secured by debtor's residence and is not being modified.<br><br>$2,500 per month |

**Class 3:** Claim of Bank of America secured by **19197 Highway 410 South, Bladenboro NC**

    Debtor will maintain the contractual terms and cure any arrears within sixty months of the effective date of the plan.

    Claim 3 shall be treated as secured by their respective collateral to the full extent of their claims. Each creditor shall retain its lien with the priority thereof, as existed on the petition date, pursuant to § 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until the secured claim is paid. The debtor shall pay each claim from rental proceeds.

    Escrow accounts for loans with Bank of America shall be maintained. The estimated monthly payment amounts, below, do not forecast what escrow payments will consist of. Estimated payment amount will be mailed to the creditor. **The creditor bears the responsibility of adjusting its loan and billing statements pursuant to the confirmed chapter 11 plan.** Loans for which no escrow account existed pre-petition will remain without an escrow account under a confirmed plan.

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| BSI Financial Services (successor in interest to Bank of America) | Claim total: $271,612.14<br><br>Total to cure: $23,392.87 | $1,376.16 (principal/interest)<br>$389.89 (60 month cure)<br><br>Total: $1,766.05 |

**Classes 4, 5, 6, and 8**

The class 4 creditor shall be treated as secured by its respective collateral to the full extent of their claims. It shall retain its lien with the priority thereof, as existed on the petition date, pursuant to § 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until the secured claim is paid. The debtor shall pay each claim from rental proceeds. The debtor proposes to make payments of principal and interest to each creditor amortized over a period of thirty years, with interest at the rate of four percent (4.0%) per annum. The first payment shall be made on the 15th day of the first full month following the effective date of the plan. All subsequent payments shall be made on the 15th day of each successive month until the claim is paid in full.

Escrow accounts for loans with Bank of America shall be maintained. The estimated monthly payment amounts, below, do not forecast what escrow payments will consist of. Estimated payment amount will be mailed to the creditor. **The creditor bears the responsibility of adjusting its loan and billing statements pursuant to the confirmed chapter 11 plan.** Loans for which no escrow account existed pre-petition will remain without an escrow account under a confirmed plan.

**Class 4:** Claim of SECU secured by **5491 Lazybrook Court, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| SECU | $21,126.89 | $101.00 per month |

**Class 5:** Claim of SECU secured by **1504 Doncaster Drive, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| SECU | $23,884.68 | $115.00 per month |

**Class 6:** Claim of SECU secured by **4565 Rosehill Road, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| SECU | $24,382.96 | $117.00 per month |

**Class 8:** Claim of SECU secured by **303 Cadmium Court, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| SECU | $24,601.98 | $118.00 per month |

**Classes 7 and 9 – 20**

Classes 7 and 9 through 20 propose modifications to loans secured by the debtor's rental properties. For classes 7 and 9 – 20, the following terms apply:

Claims 7 and 9 – 20 shall be treated as secured by their respective collateral to the full extent of their claims. Each creditor shall retain its lien with the priority thereof, as existed on the petition date, pursuant to § 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until the secured claim is paid. The debtor shall pay each claim from rental proceeds. The debtor proposes to make payments of principal and interest to each creditor amortized over a period of twenty years, with interest at the rate of six percent (6.0%) per annum. The first payment shall be made on the 15th day of the first full month following the effective date of the plan. All subsequent payments shall be made on the 15th day of each successive month until the claim is paid in full.

The Grace H. Ellis Living Trust and William S. Ellis Living Trust shall be referred to below as "GHELT" and "WSELT", respectively.

**Class 7:** Claim of GHELT secured by **4590 Zinc Court, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| GHELT | $46,410.23 | $332.53 per month |

**Class 9:** Claim of GHELT and WSELT secured by **6311 Kincross Ave, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| WSELT | $51,588.41 | $369.70 per month |

**Class 10:** Claim of GHELT and WSELT secured by **1513 Doncaster Drive, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| GHELT | $45,670.41 | $327.34 per month |

**Class 11:** Claim of GHELT and WSELT secured by **1759 Arrow Ridge Way, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|

| WSELT | $50,591.91 | $362.52 per month |

**Class 12:** Claim of GHELT and WSELT secured by **622 Montclair Road, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| GHELT | $63,519.69 | $455.19 per month |

**Class 13:** Claim of GHELT and WSELT secured by **619 Burgoyne Drive, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| GHELT | $48,478.63 | $347.40 per month |

**Class 14(a):** Claim of GHELT and WSELT secured by **868 Stoneykirk Dr., Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| GHELT | $53,622.31 | $384.10 per month |

**Class 14(b):** Claim of GHELT and WSELT secured by **838 Stoneykirk Dr., Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| GHELT | $47,141.19 | $337.82 per month |

**Class 15:** Claim of GHELT and WSELT secured by **920 Stamper Road, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| GHELT | $120,891.17 | $866.22 per month |

**Class 16:** Claim of GHELT and WSELT secured by **607 Platinum Street, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| GHELT | Claim amount: $45,942.44 | $329.41 per month |

**Class 17:** Claim of GHELT and WSELT secured by **1010 Branson Street, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| GHELT | $25,944.57 | $185.93 per month |

**Class 18:** Claim of GHELT and WSELT secured by **709 Bluestone Lane, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| GHELT | $45,942.44 | $329.41 per month |

**Class 19:** Claim of GHELT and WSELT secured by **173 Bethune Drive, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| WSELT | $36,852.14 | $264.06 per month |

**Class 20:** Claim of GHELT and WSELT secured by **7446 Ryan Street, Fayetteville NC**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| GHELT | $39,534.72 | $283.25 per month |

**Class 21:** Claim of BB&T secured by **2007 Mercedes CLK 550**

| Creditor | Claim amount | Estimated monthly payment |
|---|---|---|
| BB&T | $16,003.58 | The loan will remain fully secured, amortized over 5 years and paid at 4% interest. $295.00 per month |

**Class 22:** Claim of Federal Financial Services, Inc. secured by **2005 Chevrolet Suburban**

| Creditor | Claim amount | Treatment |
|---|---|---|
| Federal Financial Services | $5,552.84 | The loan will remain fully secured, amortized over 5 years and paid at 3% interest. |

|  |  | $100.00 per month |
|---|---|---|

**Class 23:** Claim of JPMorgan Chase Bank secured by **2010 GMC Sierra**

| Creditor | Claim amount | Treatment |
|---|---|---|
| JPMorgan Chase Bank | $19,775.86 | The loan will remain fully secured, amortized over 5 years and paid at 3% interest. $356.00 per month |

**Class 24:** Santander secured by **2007 19.5" Sea Ray boat**

| Creditor | Claim amount | Treatment |
|---|---|---|
| Santander | $10,900 | The loan will remain fully secured, amortized over 5 years and paid at 3% interest. $196.00 per month |

**Class 25: General Unsecured Claims**

| Creditor | Claim amount | Pro Rata Share |
|---|---|---|
| IRS (claim 10-2) | $21,822.31 | $1,748 |
| Key Bank (claim 28) | $27,634.47 | $2,213 |
| PNC Bank (claim 29) | $44,111.54 | $3,533 |
| Pentagon FCU (claim 2) | $26,603.38 | $2,130 |
| PNC Bank (claim 4) | $3,593.40 | $288 |
| American Express | $4,902.00 | $393 |
| Cape Fear Valley Health System | $228.00 | $18 |
| RBC Bank | $58,171.37 | $4,659 |
| Wake Med | $228.00 | $18 |

Total unsecured debt: $187,294.47

Debtors propose to impair general unsecured debt.

The liquidation analysis contained in Exhibit A shows that, in a hypothetical chapter 7 case, there would be a distribution of $10,215 made to general unsecured creditors.

**Class 25 will share a distribution of $15,000**

This money will be divided on a pro rata basis and be paid in quarterly installments for the sixty months following the effective date of the plan.

Creditors whose claim amounts were designated as "unknown" on the debtor's schedules because the claim represented an unliquidated deficiency balance for foreclosed real estate or personal property repossession will receive no distribution on its unsecured claim unless they have filed a proof of claim in the case.

Claim number 6 of SECU will receive no distribution. The collateral is owned by the debtor's ex-wife and SECU's claim is fully secured.

Claim number 13-2 of PNC Bank will receive no distribution. The creditor filed a claim but did not account for the proceeds of its foreclosure sale.

The claim of Bank of America, secured by 1859 Frankie Avenue, Fayetteville NC, shall be deemed unsecured as to Michael Singletary. The debtor believes the value of the collateral to be comparable to the loan balance and so no distribution will be made to Bank of America in Class 25.

The following debts were listed in the debtor's schedules, but are now stated to have been satisfied prior to the bankruptcy:

    NC Dept. of Revenue: $22,362.01
    First Premier Bank: $325
    Gregory and Catherine Taylor: $826.14
    Time Warner Cable: $586

**Unless otherwise specified in a proof of claim, payments will be mailed to the creditor's scheduled address. Each payment will be accompanied by a copy of the confirmation order. If a payment is returned more than three times, the claim will be deemed disallowed.**

**Leases:**
Debtor has lease agreements with his tenants which shall be deemed assumed.

## Article III
## Additional Provisions

**Recordation of Modified Loan Terms:** The automatic stay shall be modified to permit the recording of plan terms in modified notes and deeds of trust.

**Unaltered Terms:** Unless specifically modified in this plan, all other terms of the relevant notes and deeds of trust shall remain unchanged in force or effect.

**Voting and objecting:** Creditors wishing to participate in the confirmation of this plan by voting or objecting to this plan should follow the instructions contained in the attached "Order Conditionally Approving Plan." The debtor may attempt to confirm this plan notwithstanding the objection or rejection of creditors under 11 USC §1129.

**Discharge:**

No discharge will be entered until all priority and general unsecured claims are paid the full amount as directed in the plan. The case will be closed upon substantial consummation under 11 USC §1101(2) when there has been a distribution under the plan. Upon the filing of a "Notice of Completion of Plan Payments and Request for Entry of Discharge," accompanied by a certificate of service, the case will be automatically re-opened pursuant to 11 USC §350(b) without the payment of a fee. The notice, which the debtor shall serve on all creditors and the bankruptcy administrator, shall provide that if there is no response within 20 days, a discharge order may be entered.

**Material Tax Consequences:** Interested parties should consult with a tax professional to determine what, if any, material tax consequences might arise from the confirmation of this plan.

_____
Michael Singletary

_____
Travis Sasser
Attorney for Debtors
2000 Regency Parkway
Suite 230
Cary, NC 27518